



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN -5 P 3: 54

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRENA ESTER AND CLARA LEWIS ) | CIVIL ACTION NO. 00-362 |
| ) | |
| VERSUS ) | SECTION "K" |
| ) | |
| ST. JOHN THE BAPTIST PARISH ) | MAGISTRATE "2" |
| HOUSING AUTHORITY, SHEILA ) | |
| MORRIS, PEDRO FRANCISCO, EULA ) | |
| YOUNG, STELLA BORNE AND ) | |
| ALEXANDER WHITE ) | |

## PLAINTIFFS' SECOND MOTION TO ENFORCE SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM

**ON MOTION** of plaintiffs, Patrena Ester and Clara Lewis, appearing herein through undersigned counsel of record, and on suggesting to the Court that defendants have breached their obligations under the contracts entered into in settlement of this matter, plaintiffs move for enforcement of these contracts, specifically that the St. John the Baptist Parish Housing Authority be required to pay plaintiffs insurance premiums, and further that attorneys' fees and costs be awarded, for the following reasons, to wit:

F:\APPS\WP51\ED\Ester\enforce.mot.insurance.wpd                    1

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc.No. _____

1.      In early April, 2001, after several weeks of negotiations, plaintiffs and defendants agreed to final versions of consulting contracts between plaintiff Clara Lewis, and plaintiff Patrena Ester's company, Integrity Resources, LLC  and  defendant, the St. John the Baptist Housing Authority.  (Exhibits 1 and 2).  The contracts  run from April 1, 2001 through March 31, 2004. (Exhibits 1 and 2, at Paragraph 1).  The contracts further provide that the Housing Authority will purchase and maintain term life insurance on Patrena Ester and Clara Lewis for the duration of the contract, on an annual basis.  (Exhibit 1 at paragraph 8; Exhibit 2 at paragraph 7.)  On April 20, 2001, after the plaintiffs threatened to file a Motion to Enforce Settlement, Walter Willard, counsel for the Housing Authority, confirmed in writing that the contracts had been approved by the Housing Authority.  (Exhibit 3).  Plaintiffs began their  work under the contract in April and May, 2001.

2.      The Housing Authority has failed to provide the requisite insurance coverage for either Ester or Lewis.  The plaintiffs sent a formal notification of the Housing Authority's breach of contract on May 25, 2001,  as required by the contracts.  (Exhibit 4; Exhibit 1 at paragraph 10; Exhibit 2 at paragraph 9).  As required by the contracts, the plaintiffs have cooperated in the research to retain policies for the plaintiffs, by conducting research and providing information on various available policies to the Authority.  (Exhibit 1, paragraph 8; Exhibit 2, paragraph 7; Exhibit 5)

3.      The contracts provide that Magistrate Chasez will maintain jurisdiction to enforce the terms of the contracts.  (Exhibit 1 at paragraph 9; Exhibit 2 at paragraph 8).  The contracts further provide that  reasonable attorneys' fees and costs will be awarded a successful motion.  (Exhibit 1 at paragraph 11; Exhibit 2 at paragraph 12).

4.      Counsel for plaintiffs have expended $587.63  in attorneys' fees from May 26, 2001 to date on this issue.  (Exhibit 6).

WHEREFORE, plaintiffs pray that the Defendant the Saint John the Baptist Housing Authority be required to obtain the requisite insurance for the plaintiffs. Plaintiffs further pray that they be granted the attorneys fees and costs for this motions.

Respectfully submitted,

ROBEIN, URA NN & LURYE

EDWARD K. NEWMAN (Bar No. 22128)
Post Office Box 6768
2540 Severn Avenue, Suite 400 (70002)
Metairie, Louisiana 70009-6768
Telephone:  (504) 885-9994
Facsimile:  (504) 885-9969

## CERTIFICATE OF SERVICE

I certify that the above and foregoing has been served on:

Richard B. Ehret
Rodney, Bordenave, Boykin, Bennette & Boyle
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130

Walter Willard
10566 Lake Forest Boulevard, Ste. 3E
New Orleans, La. 70127

by depositing same in the United States mail, postage prepaid, this 5th day of June,  2001.

EDWARD K. NEWMAN

F:\APPS\WP51\ED\Ester\enforce.mot.insurance.wpd                3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRENA ESTER AND CLARA LEWIS | ) | CIVIL ACTION NO. 00-362 |
| | ) | |
| VERSUS | ) | SECTION "K" |
| | ) | |
| ST. JOHN THE BAPTIST PARISH | ) | MAGISTRATE "2" |
| HOUSING AUTHORITY, SHEILA | ) | |
| MORRIS, PEDRO FRANCISCO, EULA | ) | |
| YOUNG, STELLA BORNE AND | ) | |
| ALEXANDER WHITE | ) | |

## ORDER

Considering the foregoing motion;

**IT IS ORDERED BY THE COURT** that plaintiffs' Motion to Enforcement Settlement is

Granted. The Saint John the Baptist Parish Housing Authority is ordered to immediately pay the

premiums for plaintiffs' insurance. The Authority is further ordered to pay attorney's fees and costs

in the amount of $587.63.

New Orleans, Louisiana this _____ day of June, 2001.

_____

UNITED STATES MAGISTRATE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRENA ESTER AND CLARA LEWIS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER: 00-0362 |
| | * | |
| ST. JOHN THE BAPTIST PARISH | * | SECTION: K |
| HOUSING AUTHORITY, SHEILA MORRIS, | * | |
| PEDRO FRANCISCO, EULA YOUNG, | * | MAG. 2 |
| STELLA BORNE, and ALEXANDER WHITE | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * **

### NOTICE OF HEARING

To: Richard Ehret, Esq.
    400 Poydras Street, Suite 2450
    New Orleans, La. 70130

    Walter Willard, Esq.
    Deer Park, Suite 3E
    New Orleans, La. 70127

    Please take note that on the _20_ day of _June_, 2001, at _11_ o.m.

undersigned counsel will bring the attached Second Motion to Enforce Settlement for hearing before

the Honorable Alma Chasez, United States Magistrate at 501 Magazine Street, New Orleans, Louisiana.

Respectfully submitted,

ROBEIN, URANN & LURYE, P.L.C.

EDWARD K. NEWMAN (LA Bar No. 22128)
Post Office Box 6768
2540 Severn Avenue, Suite 400 (70002)
Metairie, Louisiana 70009-6768
Telephone: (504) 885-9994

**COUNSEL FOR PLAINTIFFS,**
**PATRENA ESTER and CLARA LEWIS**

## CERTIFICATE OF SERVICE

I certify that the above and foregoing has been served on:

Richard B. Ehret
Rodney, Bordenave, Boykin, Bennette & Boyle
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130

Walter Willard, Esq.
Deer Park, Suite 3E
New Orleans, La. 70127

by depositing same in the United States Mail, postage prepaid, this 5th day of June, 2001.

EDWARD K. NEWMAN

F:\APPS\WP51\ED\Ester\enforce.mot.insurance.wpd                3

## CONSULTING CONTRACT BETWEEN INTEGRITY RESOURCE SERVICES, LLC AND THE HOUSING AUTHORITY OF ST. JOHN THE BAPTIST PARISH, LOUISIANA

This contract, made on April *10*, 2001 by and between Housing Authority of St. John the Baptist Parish, Louisiana, domiciled in St. John the Baptist Parish, Louisiana, with its principal office at Number 1 Joe Parquet Circle, LaPlace, Louisiana, 70068, herein appearing and acting through its duly constituted Board of Commissioners ("Authority"), and Integrity Resource Services domiciled in the Parish of St. John the Baptist, ("IRS").

**WHEREAS**, the Authority desires the services of a competent consultant to assist in the creation and implementation of a parish-wide First Time Home Buyers Program; and

**WHEREAS**, the Authority desires continuity of this First Time Home Buyer's Program by securing a consulting contract for a thirty-six (36) month period; and

**WHEREAS**, IRS could work effectively and efficiently and make substantial contributions to a First Time Home Buyer's Program for the Authority.

**NOW THEREFORE**, for and in consideration of the mutual promises and agreements of the parties herein contained and for other good and valuable consideration, receipt of which is hereby acknowledged, the parties hereto do hereby agree as follows:

1.    Authority hereby retains and contracts the services of IRS for the period commencing April 1, 2001 and ending March 31, 2004, at a fee of Ninety Thousand Dollars ($90,000.00) (inclusive of reasonable costs) payable in thirty-six (36) monthly equal installments of Two Thousand Five Hundred Dollars ($2,500.00). The monthly amount is payable at the 1st of each month to Integrity Resource Services, LLC, P. O. Box 1621, LaPlace, Louisiana 70069 (Federal Tax ID No. 72-1469115).

2.    IRS accepts said service contract and agrees to serve the Authority as a consultant according to the terms hereof.

3.    The Authority and IRS do further hereby agree that:

a.    The purpose of the First Time Home Buyer's Program is to educate residents throughout the parish about purchasing and maintaining their own homes. All marketing of IRS' services and the First Time Home Buyer's Program will be done by the Authority.

b.    The services provided by IRS pursuant to this contract include the following:

EXHIBIT
*1*

i.   IRS will review and revise, where appropriate, Authority grant applications for aid available for home ownership by public housing and Section 8 residents.

ii.   IRS will review all budgetary items and provide technical, verbal assistance to the Executive Director and/or Assistant Executive Director in identifying areas where financial resources exist to assist residents toward home ownership.

iii.   IRS will conduct quarterly seminars at local sites designated by IRS within St. John the Baptist Parish. These quarterly seminars will consist of twelve (12) hours of training broken into two (2) consecutive six (6) hour courses. The Authority will reimburse IRS for reasonable costs of refreshments.

iv.   IRS will prepare one (1) notice for the seminars and provide it to the Authority for distribution.

v.   IRS will offer additional services upon completion of the workshop at varying cost to the individuals not to exceed Seven Hundred Fifty Dollars ($750.00). These additional services will not be included in the cost of this consulting contract and are to be paid by the individuals.

vi.   IRS will limit its public housing and Section 8 participants to no more than fifteen (15) per seminar on a first come, first serve basis. The seminar participants will not exceed twenty (20) participants and will provide five (5) designated slots for private IRS clients. If there is a lack of registration among public housing and Section 8 participants, IRS reserves the right to fill three (3) additional slots with private clients. In no event shall IRS' private clients exceed eight (8) in number. Additionally, no public funds shall be used to solicit or to provide materials or refreshments to private clients. IRS will provide the Authority with a list of all public program participants.

vii.   The Authority can designate one (1) IRS seminar per year as an "advanced" seminar that may focus in more detail on application issues.

viii.   All information received by IRS will be classified as confidential and maintained in IRS' files unless authorized for release by the individual participants.

ix.   IRS will provide a mapping day with private mortgage companies in order to provide a one on one profile for clients to determine pre-qualification status.

x.   IRS will provide a minimum of two (2) years computerized tracking for all participants of the First Time Home Buyer's Program.

xi.   IRS will provide a home ownership information packet for all participants.

Page 2 of 4

xii.     IRS will provide a certificate upon completion of the course for all public housing and Section 8 participants.

4.     All contact between IRS and the Authority related to the program will be through the Executive Director and/or Assistant Executive Director.

5.     In no event shall the terms of this consulting contract require the presence of Patrena Ester at the Authority office and/or sites.

6.     IRS and the Authority agree that the work performed pursuant to this consulting contract shall be a minimum of one hundred twenty-eight (128) hours per quarter by IRS. IRS will prepare a quarterly report, with hours and activities documented, to be provided to the Executive Director of the Authority and HUD.

7.     Five (5) days prior to the start of the first seminar, IRS will provide a copy of the seminar materials to the Executive Director of the Authority and a copy to HUD's New Orleans office. If any change is made to the seminar materials over the term of the contract, the changes shall be provided to the Executive Director of the Authority and HUD's New Orleans office five days prior to the relevant seminar.

8.     The Authority agrees to purchase and maintain term life insurance on Patrena Ester for the remaining value of this contract on an annual basis. Ester agrees to cooperate in the retention of such policy.

9.     IRS and the Authority agree that the terms and conditions of this consulting contract will be enforceable by the United States District Court, Magistrate Judge Alma Chasez. The United States District Court will retain jurisdiction for purposes of enforcing any conflicts or issues related to the execution, operation, and alleged breach of this contract.

10.     If either party believes that the other party to the contract has breached the contract, they are required to provide written notice to the opposing party of the allegation. All parties must allow seven (7) days for the opposing party to cure the alleged breach before raising the issue with Magistrate Chasez.

11.     In the event that either party shall employ an attorney for the purpose of enforcing any provision of this contract with the Magistrate's office, the prevailing party shall be entitled to reasonable attorney's fees and costs upon the Magistrate's Order.

12. This contract may not be modified, changed or altered by any promise or statement by whomsoever made; nor shall any modification of it be binding upon the Authority or IRS until such written modification has been approved in writing by both parties.

WITNESSES:                                    HOUSING AUTHORITY OF ST. JOHN
                                              THE BAPTIST PARISH, LOUISIANA


_____    BY:    _____
                                              Eula Young, Chairperson
                                              Board of Commissioners

                                              _____
                                              IRS, by and through Patrena Ester


Approved as to legal form and adequacy.



_____
Walter Willard
Counsel for Authority


_____
Julie Richard-Spencer
Counsel for Patrena Ester



_____
Chet Drozdowski
Director of Public Housing
Department of Housing and Urban Development - New Orleans

## CONSULTING CONTRACT BETWEEN
## CLARA LEWIS AND THE HOUSING AUTHORITY
## OF ST. JOHN THE BAPTIST PARISH, LOUISIANA

This contract, made on April *20th*, 2001 by and between Housing Authority of St. John the Baptist Parish, Louisiana, domiciled in St. John the Baptist Parish, Louisiana, with its principal office at Number 1 Joe Parquet Circle, LaPlace, Louisiana, 70068, herein appearing and acting through its duly constituted Board of Commissioners ("Authority"), and Clara Lewis ("Lewis").

**WHEREAS**, the Authority desires the services of a competent consultant to assist in the creation and implementation of a parish-wide First Time Home Buyers Program; and

**WHEREAS**, the Authority desires continuity of this First Time Home Buyer's Program by securing a consulting contract for a thirty-six (36) month period; and

**WHEREAS**, the Authority is entering a consulting contract with Integrity Resource Services, LLC ("IRS") for a thirty-six (36) month period for the creation and implementation of a parish-wide First Time Home Buyers Program; and

**WHEREAS**, Lewis is familiar with IRS and can assist IRS and the Authority with the First Time Home Buyers Program.

**NOW THEREFORE,** for and in consideration of the mutual promises and agreements of the parties herein contained and for other good and valuable consideration, receipt of which is hereby acknowledged, the parties hereto do hereby agree as follows:

1.     Authority hereby retains and contracts the services of Lewis for the period commencing April 1, 2001 and ending March 31, 2004, at a fee of Fifty-Four Thousand dollars ($54,000.00) payable in thirty-six (36) monthly equal installments of One Thousand Five Hundred Dollars ($1,500.00). The monthly amount is payable at the 1st of each month to Clara Lewis, P. O. Box 2264, Reserve, Louisiana 70084, Social Security Number 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.

2.     Lewis accepts said service contract and agrees to serve the Authority and IRS as a consultant according to the terms hereof.

3.     The Authority and Lewis do further hereby agree that:

a.     The purpose of the First Time Home Buyer's Program is to educate residents throughout the parish about purchasing and maintaining their own homes. All marketing of IRS' services and the First Time Home Buyer's Program will be done by the Authority.

Page 1 of 4



      b.      The services provided by Lewis pursuant to this contract will include the following:

      i.      Lewis will assist IRS to review and revise grant applications for aid for home ownership by public housing and Section 8 residents.

      ii.      Lewis will assist IRS to review all budgetary items and provide technical, verbal assistance to the Executive Director and/or Assistant Executive Director in identifying areas where financial resources exist to assist residents toward home ownership.

      iii.      Lewis will assist IRS to conduct quarterly seminars at local sites designated by IRS within St. John the Baptist Parish.

      iv.      Lewis will assist IRS to prepare one (1) notice for seminars and provide it to the Authority for distribution.

      v.      Lewis will assist IRS in providing twelve (12) hours of training seminars which consist of two consecutive six (6) hour courses.

      vi.      Lewis will assist IRS in providing a mapping day with private mortgage companies in order to provide a one on one profile for clients to determine pre-qualification status.

      vii.      Lewis will assist in providing a minimum of two (2) years computerized tracking of clients of the public housing and Section 8 participants.

      viii.      Lewis will assist IRS in providing a home ownership information packet for participants.

      4.      All contact between Lewis and the Authority related to the program will be through the Executive Director and/or Assistant Executive Director.

      5.      In no event shall the terms of this consulting contract require the presence of Lewis at the Authority office and/or sites.

      6.      Lewis and the Authority agree that the work performed pursuant to this consulting contract shall be a minimum of one hundred twenty-eight (128) hours per quarter. Lewis will prepare a quarterly report, with hours and activities documented, to be provided to the Executive Director of the Authority and HUD.

      7.      The Authority agrees to purchase and maintain term life insurance on Lewis for the remaining value of this contract on an annual basis. Lewis agrees to cooperate in the retention of such policy.

8.    Lewis and the Authority agree that the terms and conditions of this consulting contract will be enforceable by the United States District Court, Magistrate Judge Alma Chasez. The United States District Court will retain jurisdiction for purposes of enforcing any conflicts or issues related to the execution, operation, and alleged breach of this contract.

9.    If either party believes that the other party to the contract has breached the contract, they are required to provide written notice to the opposing party of the allegation. All parties must allow seven (7) days for the opposing party to cure the alleged breach before raising the issue with Magistrate Chasez.

10.    In the event that either party shall employ an attorney for the purpose of enforcing any provision of this contract with the Magistrate's office, the prevailing party shall be entitled to reasonable attorney's fees and costs upon the Magistrate's Order.

11.    This contract may not be modified, changed or altered by any promise or statement by whomsoever made; nor shall any modification of it be binding upon the Authority or Lewis until such written modification shall have been approved in writing by both parties.

WITNESSES:                              HOUSING AUTHORITY OF ST. JOHN
                                        THE BAPTIST PARISH, LOUISIANA


                                        BY:
_____            _____
                                        Eula Young, Chairperson
                                        Board of Commissioners

                                            _____
                                        Clara Lewis

Approved as to legal form and adequacy.


_____
Walter Willard
Counsel for Authority

_____
Julie Richard-Spencer
Counsel for Clara Lewis

_____
Chet Drozdowski
Director of Public Housing
Department of Housing and Urban Development - New Orleans


F:\APPS\WP51\SHERON\Ester-Lewis\P-2001\consult contract lewis0321.wpd

# MURRAY, DARNELL & WILLARD, L.L.C.

Attorneys and Counselors at Law
1540 North Broad Street
New Orleans, Louisiana 70119

Edwin R. Murray
Michael C. Darnell
<u>Walter I. Willard*</u>
*LL.M., Energy and Environment
 Also admitted in NJ and PA

Notaries Public
Telephone (504) 945-0042
Facsimile (504) 942-5968

April 20, 2001

**VIA FACSIMILE 885-9969 & REGULAR MAIL**
Julie Richard-Spencer
Robein, Uran & Lurye, P.L.C.
2540 Severn Avenue, Ste. 400
Metairie, LA 70009-6768

Re:    St. John the Baptist Parish Public Housing Authority v Patrena Ester, et al

Dear Ms. Richard-Spencer:

This comes to confirm approval of the consulting agreement for IRS and C. Lewis by the St. John Parish Housing Authority. The signed Agreements will be returned for your clients' signatures by Wednesday, April 25, 2001.

Very truly yours,

Walter I. Willard

cc:    Judge Alma Chasez (via fax)
       Richard Ehret, Esq. (via fax)

WIW/aag

f:\willard.wal\st. john pha\letters\richard-spencer012004.agreements

EXHIBIT
3

**ROBEIN, URANN & LURYE**
(A Professional Law Corporation)
P.O. BOX 6768
2540 SEVERN AVENUE
SUITE 400
METAIRIE, LA 70009-6768
(504) 885-9994
FAX (504) 885-9969

LOUIS L. ROBEIN, JR.
ROBERT H. URANN
WILLIAM LURYE
JULIE RICHARD-SPENCER
NANCY PICARD
MARIA C. CANGEMI
EDWARD K. NEWMAN
ANDREA J. WILKES

OF COUNSEL
MARY MODENBACH WHITE

May 25, 2001

**VIA FACSIMILE 527-5436 AND U. S. MAIL**

Richard B. Ehret
Rodney, Bordenave, Boykin, Bennette & Boyle
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130

**VIA FACSIMILE 241-6725 AND U. S. MAIL**

Walter I. Willard
The Willard Firm
Attorneys & Counselors At Law
Deer Park, Suite 3E
New Orleans, Louisiana 70127

Re:    Patrena Ester and Clara Lewis v. St. John the Baptist Parish
       Public Housing Authority, et al.
       U.S.D.C., E.D. La., Civil Action No. 00-0362, "K," Mag. (2)

Dear Gentlemen:

Please accept this letter as formal notification within the terms of Paragraph 10 of the Consulting Contract between Integrity Resource Services and the Housing Authority of St. John the Baptist Parish and Paragraph 9 of the Consulting Contract between Clara Lewis and the Housing Authority of St. John the Baptist Parish. Lewis and Ester have not been provided with their insurance premiums as required under the contract, and therefore the Authority is in violation of the contracts.

After I met Mr. Willard in the Courthouse on Wednesday, May 23, on Mr. Willard's assurances I instructed my clients to meet with Earl White. They met with Mr. White and Claudette Raphael, the Authority's executive director on the afternoon of Thursday, May 24. Both Mr. White and Ms. Raphael were completely unfamiliar with the terms of the contract. It was clear that they had received no information on the terms of the contract from either the commissioners or Mr. Willard, and thus were unprepared to meet with my clients. Ms. Raphael further indicated that she

EXHIBIT
4

Richard B. Ehret
Walter I. Willard
May 25, 2001
Page 2

would not pay any sums due under the contact "without approval of the board". Nor were the insurance premiums which are owed my clients paid.

Ms. Ester and Ms. Lewis agreed to meet with Ms. Raphael and Mr. White again on Thursday, May 31. If the insurance premiums are not paid at that time, or other equivalent insurance coverage is not put in place for my clients at that time, I intend to file another Motion To Enforce similar to that pending.

Suffice it to say that given the completely unsatisfactory nature of yesterday's meeting, my initial Motion To Enforce remains pending. I am also filing a motion to supplement the pleadings, to include some additional attorney time inadvertently left out of the first Motion.

Please contact me if necessary to discuss or if your client has an interest in remedying the breach.

Sincerely yours,

*Edward K. Newman/ss*

Edward K. Newman

JRS:ss

cc:     The Housing Authority of St. John the Baptist Parish, through Claudette Raphael
        Patrena Ester
        Clara Lewis
        Magistrate Judge Alma L. Chasez

F:\APPS\WP51\SHERON\Ester-Lewis\L-2001\willard & Ehret0525 wpd

# Liberty Life Millennium Series(sm)
# 10 Year Level Term Life Insurance

**An Adjustable Premium Level Term Plan - Form : LT010**

Liberty Life Insurance Company
P.O. Box 789 Greenville SC 29602-0789
Prepared On 5/16/01

| | | | |
|---|---|---|---|
| **Prepared For:** | CLARA S LEWIS | **Initial Face Amount:** | $60,000 |
| **Issue Age:** | 37 | **Initial Contract Premium:** | $113.80 |
| **Sex:** | Female | **Premium Paying Period:** | Annual |
| **Premium Class:** | Non-Tobacco | | |

## Narrative Summary

### DESCRIPTION OF BASIC POLICY FEATURES

This is an **Individual Term Life Insurance** illustration. This Individual Term Life Insurance policy has a level death benefit for 10 years. Premiums are payable for 10 years. The **Initial Contract Premium** is guaranteed for the **first** policy year. After the first policy year, the contract premium may be changed by the Company but will never exceed the **Guaranteed Maximum Contract Premium**. This policy is non-renewable and terminates at the end of the term period.

**Conversion**

This Term Life Insurance policy is Convertible without evidence of insurability to any Whole Life, Universal Life or other permanent plan of insurance that is available through Liberty Life at the time of conversion. The conversion option is available to you any time while the policy is in full force and prior to the end of the term period. The face amount of the new plan of insurance must meet the minimum face amount requirements of the new plan and may not exceed the face amount of the Term Life Insurance policy.

**Contract Premium**

The Contract Premium is the specific premium that is required to be paid on the first day of each Premium Paying Period. Payment of the contract premium is required to keep the policy in force. This illustration is based on the Contract Premium and the Premium Paying Period shown above.

The Contract Premium for the policy assumes that the policy and any riders are issued for the Face Amount, Premium Class, Issue Age and Sex shown. Actual premiums for insurance coverage will depend on the outcome of the underwriting process, and may vary from what is shown on this illustration. If so, you will receive a revised illustration with your policy.

**Death Benefit**

The policy Death Benefit remains level and is illustrated at the end of the policy year. The death benefit is the guaranteed amount payable in the event of death of the insured.

**Guaranteed Values**

The Guaranteed Column illustrates the guaranteed maximum contract premium.

**THIS LIFE INSURANCE ILLUSTRATION IS NOT VALID UNLESS ALL PAGES ARE INCLUDED.**

W GRAY

page 1 of 5





05 16-2001     VALLEY FORGE LIFE INSURANCE COMPANY     **PAGE: 1**
AGENT MIKE WAGUESPACK     **AGE: 37**
CNA ViaQuote 2000 2.60     LA     Female Preferred Non-Tobacco User

## VIAQUOTE COMPARISON

> This is not a product illustration. It is a comparison of guaranteed period annual premiums for CNA's term products. The issued policy will show both current and maximum premiums over a period of years.

| CNA Term Life Coverage Summary | Amount | Conversion Period To Age | Level Death Benefit To Age |
|---|---|---|---|
| Series 100 Base (Term to 95) | $100,000 | 47 | 95 |
| Series 400 Base (Term to 95) | $100,000 | 70 | 95 |

### Series 100 CNA Term

| | Guaranteed Period | Scheduled Period | Annual Premium |
|---|---|---|---|
| 105G | 5 Years | 5 Years | $50.00 |
| 110G | 10 Years | 10 Years | $60.00 |
| 115G | 15 Years | 15 Years | $104.00 |
| 120G | 20 Years | 20 Years | $111.00 |

### Series 400 CNA Term

| | Guaranteed Period | Scheduled Period | Annual Premium |
|---|---|---|---|
| 405G | 5 Years | 5 Years | $125.00 ✓ |
| 410G | 10 Years | 10 Years | $129.00 |
| 415G | 15 Years | 15 Years | $148.00 |
| 420G | 20 Years | 20 Years | $193.00 |

| | Guaranteed Period | Scheduled Period | Annual Premium |
|---|---|---|---|
| Hassle-Free 10 (Class 1) | 10 Years | 10 Years | $138.00 |
| Hassle-Free 15 (Class 1) | 15 Years | 15 Years | $160.00 |
| ViaPro 15 ** | 15 Years | 30 Years | $170.00 |
| ViaPro G ** | 20 Years | 30 Years | $194.00 |

* On select rate bands, all 400 and Hassle-free, plans back to policy. ViaPro and ViaPro G. Ask your agent for details.
** ViaPro has a premium refund provision during policy year 25 through policy year 7. Ask your agent for details.

'G' plan rates are guaranteed for a scheduled period.

---

This product is underwritten by Valley Forge Life Insurance Company (VFL). Executive offices CNA Plaza, Chicago, IL 60685. VFL is one of the CNA companies.

CNA is a registered service mark of CNA Financial Corporation.

> This is not a contract, but a comparison of annual guaranteed premiums for term insurance products offered for sale by one of the CNA insurance companies. No contract will be issued until an application has been received and accepted by the underwriting company.



ALLSTATE LIFE INSURANCE COMPANY
Northbrook, Illinois  60062
AN ALLSTATE PROTECTOR PLUS LIFE INSURANCE POLICY ILLUSTRATION
(FIVE YEAR TERM)

```
INSURED'S NAME:                                        CLARA LEWIS
     SEX:                                                   Female
     AGE:                                                       37
     CLASS:                                             Non-Smoker
     GUARANTEED DEATH BENEFIT:                             $54,000

DOWNPAYMENT:                                              $115.60
PREMIUM MODE:                                              ANNUAL
```

The type of policy illustrated is an INDETERMINATE PREMIUM FIVE YEAR RENEWABLE
AND CONVERTIBLE TERM LIFE INSURANCE POLICY Form LU3899.

Prepared by: Tanya A. St. Pierre
Exclusive Agent
191 Belle Terre Dr.
Suite 102
Laplace, LA 70068

                          1 of  5          05/16/2001  12:17 PM

 **EQUITABLE**

THE EQUITABLE OF COLORADO, INC.
370 17th ST., DENVER, COLORADO 80202

### *Equitable of Colorado Level Term*
*RENEWABLE TERM*
*BASIC LIFE INSURANCE ILLUSTRATION*

## Narrative Page
### PREPARED FOR: Patrena Eater

**POLICY:** Equitable of Colorado Level Term is a non-participating, renewable term life insurance policy that provides a level, guaranteed death benefit to age 95, as long as premiums are paid. On a current basis, premiums are level for the first ten years and increase annually thereafter. On a guaranteed basis, premiums are level for the first five years and increase annually thereafter. Premiums after the fifth policy year may change subject to the guaranteed maximum premiums shown on this illustration and in the policy. The general version of the policy form is CO 106-94R; state variations may apply.

Subject to its terms, the policy is convertible to permanent insurance on the premium due date during the first seven years, for the same face amount without evidence of insurability. Generally, the final conversion age is 75. Subject to underwriting, riders that may be purchased with the policy include: Disability Premium Waiver Benefit, Accidental Death Benefit, the Option to Purchase Additional Insurance Benefit, and Children's Term Insurance Benefit.

**Riders Illustrated:**

NONE

**Premium Description:**

| Benefits Included | | Amount | Rider Termination Year | Initial Premiums | | | |
|---|---|---|---|---|---|---|---|
| | | | | Annual | Semi-Annual | Quarterly | Monthly |
| Base Policy | $ | 100,000 | N/A | 179.00 | 93.00 | 49.00 | 17.00 |
| TOTALS → | | | | $179.00 | $93.00 | $49.00 | $17.00 |

This Illustration assumes that the currently illustrated non-guaranteed premium scale will continue unchanged for all years shown. This is not likely to occur, and actual results may be more or less favorable than those shown. The benefits and values appearing in the non-guaranteed columns are not guaranteed.

THIS ILLUSTRATION IS NOT COMPLETE WITHOUT ALL PAGES
THIS ILLUSTRATION IS NOT PART OF THE LIFE INSURANCE POLICY OR CONTRACT

Female Non-Tobacco User Preferred Age 41
RIDERS: NONE
PREPARED ON: Apr 26 2001
For Presentation in Louisiana
GE 96-294
Page 1 of 3

PREPARED BY: Rickie P. Johnson CLU,ChFC
FACE AMOUNT = $100,000
ANNUAL CONTRACT PREMIUM = $179.00

FORM # CO 106-94R
Version 6.91

# Policy Illustration Explanation
## 20 Year Renewable and Convertible Term Insurance - A Term Policy

Designed for: petrina estes, Rating Class: Female, Age 40, Preferred, NonTobacco

| | |
|---|---|
| **20 Year Renewable and Convertible Term** | The 20 Year Renewable and Convertible Term life insurance policy that you are considering offers a level death benefit. Current premiums are subject to change after the first policy year, but cannot exceed the maximum premiums guaranteed in the policy. |
| **Rating Class:** Female Preferred, NonTobacco | The premiums required for this coverage have been calculated assuming this policy is issued in the Female Preferred NonTobacco underwriting class. Actual premiums required for the insurance coverage will ultimately depend on the outcome of the underwriting process. |
| **Initial Insurance Benefit:** $108,110 Plus Additional Rider Benefits | The death benefit provided at issue for the primary insured is $108,110 plus additional rider benefits. The death benefit is the amount payable in the event of death. This benefit may be continued to age 95 if appropriate premiums are paid. |
| **Contract Premium:** $250.00 | Provided the Contract Premium of $250.00 is paid every year, and the appropriate renewal premiums are paid until the Final Termination Date, the Initial Insurance Benefit of $108,110 is guaranteed to be paid. |

Coverage Summary:

| | Initial Amount | Initial Annual Premium |
|---|---|---|
| 20 Year Renewable and Convertible Term | $108,110 | $250.00 |
| TOTAL | | $250.00 |

| | |
|---|---|
| **Non-Guaranteed Elements of the Policy** | Non-guaranteed premiums shown are at current rates. The rates are subject to adjustment by the company after the first year. However, the rates will never exceed the maximum premiums guaranteed in the policy. The policy benefits and values in this illustration are not guaranteed. The assumptions on which they are based are subject to change by the insurer. Actual results may be more or less favorable than those shown. |
| **Guaranteed Renewable** | This policy may be renewed at the end of the 20 year term by paying an increased renewal premium. All coverage will end at age 95, regardless of the renewal term period. Proof of insurability is not required for renewal. |
| **Guaranteed Convertible** | The policyowner has a guaranteed right to convert the death benefit on any premium due date on or before the policy anniversary date nearest the insured's 65th birthday. The policy may be converted to any cash value life insurance policy premitted under the company's rules in effect at time of conversion. Proof of insurability is not required for conversion. |

## Policy Illustration Explanation
### 20 Year Renewable and Convertible Term Insurance - A Term Policy

Designed for: patrena ester, Rating Class: Female, Age 41, Standard, Non-Tobacco

|                  | Annual | Semi-Annual | Quarterly | P.A.C. |
|------------------|--------|-------------|-----------|--------|
| **Available Modes** | 306.30 | 157.74 | 80.40 | 26.80 |

**Mode selected 26.80 paid by P.A.C.**

The 20 Year Renewable and Convertible policy may be renewed at the end of the 20 year term by paying an increased renewal premium. All coverage will end at age 95, regardless of the renewal term period.

**Guaranteed:** *Maximum charges.*

**Non-Guaranteed: Midpoint Assumptions:** *Halfway between current and guaranteed charges.*

**Current Assumptions:** *Planned annualized premium for the coverage selected.*

*The policy benefits and values in this illustration are not guaranteed. The assumptions on which they are based are subject to change by the insurer. Actual results may be more or less favorable than those shown.*

$90,000 20 Year Term Life Policy Summary
Guaranteed Annualized Premium $321.60 for 5 years
Plus Rider and Benefit Premiums

|                          |            | Non-Guaranteed |          |
|--------------------------|------------|----------------|----------|
| **Summary Year**         | **Guaranteed** | **Midpoint** | **Current** |
| **Year 5** Accumulated Premiums | $1,608 | $1,608 | $1,608 |
| Death Benefit            | $90,000 | $90,000 | $90,000 |
| **Year 10** Accumulated Premiums | $3,991 | $3,604 | $3,216 |
| Death Benefit            | $90,000 | $90,000 | $90,000 |
| **Year 20** Accumulated Premiums | $8,758 | $7,595 | $6,432 |
| Death Benefit            | $90,000 | $90,000 | $90,000 |
| **Age 70** Accumulated Premiums | $21,331 | $18,446 | $15,561 |
| Death Benefit            | $90,000 | $90,000 | $90,000 |

I have received all 7 pages of this illustration and understand that any non-guaranteed elements illustrated are subject to change and could be either higher or lower. The agent has told me they are not guaranteed.

_____    _____
Applicant's Signature         Date

I certify that all 7 pages of this illustration have been presented to the applicant and that I have explained that any non-guaranteed elements illustrated are subject to change. I have made no statements that are inconsistent with the illustration.

_____    _____
Representative's Signature    Date

ROBEIN, URANN & LURYE
(A PROFESSIONAL LAW CORPORATION)
P. O. BOX 6768
2540 SEVERN AVE., SUITE 400
METAIRIE, LA. 70009-6768
(504) 885-9994


Ester and Lewis

Page: 1
06/05/01
ACCOUNT NO: 70169-0002H
STATEMENT NO:        1



Post Settlement Issues

INTERIM STATEMENT



| Date | | | | |
|---|---|---|---|---|
| 05/29/01 | | | | |
| | JRS | Review letter of E. Newman re: breach issues. | 45.00 | 36 |
| 05/30/01 | | | | |
| | PCP | Update correspondence index and file. | 10.00 | 34 |
| 05/31/01 | | | | |
| | JRS | Conference with E. Newman re: P. Ester conference; re: issues re: motion to enforce. | 30.00 | 37 |
| 06/01/01 | | | | |
| | EKN | Telephone conference with clients on last night's meeting; begin draft letter to Ehert/Willard re: same; telephone conference with P. Ester re: invoices. | 150.00 | 38 |
| | EKN | Conference with J. Richard-Spencer re: status. | 30.00 | 39 |
| 06/04/01 | | | | |
| | EKN | Draft new motion to enforce (insurance); dictate motion for expedited hearing; cover letter/default letter. | 300.00 | 40 |
| | | FOR CURRENT SERVICES RENDERED | 565.00 | |

| | | | |
|---|---|---|---|
| 05/31/01 | Postage for the month of May 2001. | 5.08 | 1 |
| 05/31/01 | Copy charges for the month of May 2001. | 17.55 | 2 |
| | TOTAL EXPENSES | 22.63 | |
| | TOTAL CURRENT WORK | 587.63 | |
| | BALANCE DUE | $587.63 | |



ROBERT J. URANN & LEBLANC
(A PROFESSIONAL LAW CORPORATION)
P. O. BOX 6768
2540 SEVERN AVE., SUITE 400
METAIRIE, LA. 70009-6768
(504) 885-9994

Ester and Lewis

Page: 1
06/05/01
ACCOUNT NO:     70169H

| PREVIOUS BALANCE | FEES | EXPENSES | ADVANCES | PAYMENTS | BALANCE |
|---|---|---|---|---|---|
| 70169-0002 Post Settlement Issues | | | | | |
| 0.00 | 565.00 | 22.63 | 0.00 | 0.00 | $587.63 |
| 0.00 | 565.00 | 22.63 | 0.00 | 0.00 | $587.63 |