

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRENA ESTER AND CLARA LEWIS | * | CIVIL ACTION NO. 00-362 |
| VERSUS | * | SECTION "K" |
| ST. JOHN THE BAPTIST PARISH HOUSING AUTHORITY, SHEILA MORRIS, PEDRO FRANCISCO, EULA YOUNG, STELLA BORNE AND ALEXANDER WHITE | * | MAGISTRATE "2" |

### OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT

**MAY IT PLEASE THE COURT:**

This matter is before the court on a Motion brought by Mrs. Patrena Ester and Mrs. Clara Lewis, suggesting that the movants are entitled to receive payment(s) from the respondents, St. John the Baptist Parish Housing Authority, under terms of the settlement agreement between the parties.

The Housing Authority challenges the conclusion on two grounds:

First, the movants seek to enforce an agreement between the parties for efforts claimed by them on dates which predate the final approval of the settlement terms. The approval of the Housing Authority, or the ratification of authorized act of the chairperson, could occur only in a public meeting called for that purpose. As former key staffers, movers are aware of this legal requirement. Such was to be realized not until May 1, 2001.[1]

In bringing this Motion, however, petitioners would seek to enforce an agreement before same was consummated. Responding to the request for payment before any communication or

---

[1] A "head-count" approval of Board Members had been reached prior to the official approved dates, as discussed with the Court and with counsel.

contact had been initiated by petitioners with the Housing Authority regarding a plan of action, or the slightest suggestion as to course to undertake in crating the Authority's First-time Home-buyers' Program. Neither mover, Ms. Ester nor Ms. Lewis, have had sufficient experience as a consultant on the subject matter to have been expected to carry out the proposed duties under the consulting Agreement without some dialogue with the client Housing Authority. Had such dialogue been attempted, the consultants would have been guided to await approval of the Agreement by the Board of Commissioners of the Housing Authority. By the intended course of this Motion, as brought before the Court, the consultants were mistaken in believing that once unilaterally approved the particulars of the consulting Agreement were effective. As the client, however, the Housing Authority intended no retroactive effective date. More glaringly inappropriate, the Housing Authority was never asked by the consultants when they might begin their efforts. This lack of communication occurred despite the insistence of the lead contractor, Ms. Ester, that they be allowed contact with a designated Housing Authority staffer, the Executive Director. Contractors would suggest that they alone control the application of the Agreement terms, with or without input of the client Housing Authority. This the Court should not countenance.

  A second basis for opposing the underlying Motion lies in the nature and extent of time claimed by the consultants. The Court will take note of varied time entries which the client Housing Authority urges are inappropriate. There would be all entries not directly related to providing substantive services on behalf of the Housing Authority's program.

For these reasons, the Housing Authority urges that the Motion be dismissed.

Respectfully submitted,

**The Willard Firm**

_____
**Walter I. Willard, Bar No. 2185**
10555 Lake Forest Blvd., Ste. 3E
New Orleans, LA 70127
(504) 244-9474

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile transmission and by placing a copy of same in the U.S. Mail, postage prepaid on this

12 day of June, 2001.

_____
**Walter I. Willard**

C:\Willard Wal\St John PHA\Pleading\Opposition to Motion to Enforce Settlement Agreement.wpd